■ In the Matter of CAROL GILDERSLEEVE, Respondent, v BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 24, TOWN OF BROOKHAVEN, Appellant.—In a proceeding pursuant to CPLR article 78 to compel the Board of Education of Union Free School District No. 24 either to restore petitioner-respondent to her position or, in the alternative, to conduct a plenary hearing, the board appeals from so much of a judgment of the Supreme Court, Suffolk County, dated December 1, 1976, as, in directing that a formal hearing be held before the superintendent, or his designee, pursuant to the collective bargaining agreement grievance procedure, directed it to provide and pay the costs of a stenographer and to furnish petitioner with a free transcript of the proceedings. Judgment reversed insofar as appealed from, on the law, without costs or disbursements, and the second decretal paragraph thereof, which directed the board to provide a stenographer and to furnish petitioner with a free transcript of the proceedings, is deleted. The collective bargaining agreement governing the parties provides for a three-level grievance procedure. Level two is a "formal hearing" before the superintendent or his designee. Under level three either side may proceed to arbitration when "A dispute * * * is not adjusted under Level Two". In the judgment appealed from, the court directed that the formal hearing under level two be recorded and that the board pay for the expenses of recording and transcription. A reading of the agreement suggests that it was clearly not the intention of the parties thereto either to have a stenographer or to require the board to pay for those expenses. Moreover, since the next step after a level two hearing would be arbitration under level three, a transcript of the prior proceedings would be unnecessary. In addition, it should be noted that the provisions of the agreement which provide for arbitration on level three, spell out the liability of the parties for the fees and expenses thereof, and is an indication that there was no intention to have minutes taken on level two at the expense of the board. Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.